# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| DONNA SMITH, as Personal Representative of the ESTATE OF JOAN SMITH, | * * * |
| Petitioner, | * No. 17-1262V * Special Master Christian J. Moran * |
| v. | * Filed: March 31, 2020 * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Attorneys' Fees and Costs * * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * * | |

Matthew B. Vianello, Jacobson Press P.C., Clayton, MO, for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Donna Smith's motion for final attorneys' fees and costs. She is awarded **$34,382.43**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the Ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On September 15, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination that Ms. Smith received on September 24, 2014, caused her to suffer Guillain-Barré syndrome. Petition at 1. Following Ms. Smith's death on September 30, 2018, the caption was amended to reflect Donna Smith, as personal representative of the estate of Joan Smith, as the petitioner. On October 21, 2019, the parties filed a stipulation of dismissal, and on the same day, the undersigned issued his order concluding proceedings pursuant to Vaccine Rule 21(a)(1)(B).

On October 28, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $23,805.00 and attorneys' costs of $13,303.53 for a total request of $37,108.53. Fees App. at 6. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. On November 12, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis. As the undersigned noted in his October 3, 2019 order, "with respect to any forthcoming motion for attorneys' fees and costs, there is no question about reasonable basis through the treating physician's deposition." Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

2

reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that her attorney, Mr. Matthew Vianello, be compensated at $300.00 per hour for all work performed in this case, starting in 2017 and ending in 2019. Mr. Vianello has previously been awarded $300.00 per hour for his Vaccine Program work, and the undersigned finds that rate to be reasonable for work performed in the instant case as well. See, e.g., Johns v. Sec'y of Health & Human Servs., No. 18-741V, 2019 WL 5855900 (Fed. Cl. Spec. Mstr. Aug. 16, 2019).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

3

Upon review of the submitted billing records, the undersigned finds the only minor issue of note is that Mr. Vianello appears to have a habit of combining all tasks performed in one day into a single billing entry. For example, on October 23, 2018, the billing entry reads "Conference with court re: status; telephone conversation with client and opposing counsel re settlement; research estate issues" and is billed for 1.75 hours. Fees App. Ex. 1 at 5. Another entry reads "Research probate issues; prepare letter to Dr. O'Keefe re: medical opinion." Id. at 4. Each task, separated here with a semicolon by Mr. Vianello, should be billed as an individual billing entry. Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same entry frustrates the court's ability to assess the reasonableness of the request."[2]

While the number of hours billed are not necessarily unreasonable, entries such as the ones noted above do not permit the undersigned to truly assess the reasonableness of the request. Thus, as has been done in the past, the undersigned shall reduce the award of attorneys' fees by two percent to encourage appropriate line item billing in the future. See Shaver v. Sec'y of Health & Human Servs., No. 10-515V, 2019 WL 1150526, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2019). This results in a reduction of $476.10.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $13,303.53 in attorneys' costs. The majority of this amount ($11,250.00) is for the work of petitioner's expert, Dr. Vithalbhai Dhaduk, while the remainder is for obtaining medical records, the Court's filing fee, and the costs associated with subpoenaing and deposing petitioner's treating physician. These costs are reasonable and have been supported with adequate documentation and shall be awarded. Petitioner's expert costs, however, require further discussion.

The billing invoices indicate that Dr. Dhaduk billed 25 hours at a rate of $600.00 per hour. Cognizant that $600.00 per hour would likely be found by the undersigned to be excessive given the precedent on expert rates in the Vaccine

---

[2] The Guidelines are available at: http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES%20FOR%20PRACTICE%20-%208.22.2019.pdf.

4

Program, petitioner requests compensation at $450.00 per hour for Dr. Dhaduk's 25 hours of work. Dr. Dhaduk is board certified in neurology and has run a private practice as a general neurologist since 1987. He also served as Chief of Neurology at Community Medical Center for seven years before limiting his practice to private outpatient care only. Dr. Dhaduk indicated that he sees approximately 5-6 cases of GBS per year in his practice and has treated patients with influenza-related GBS in the past. The undersigned finds that $450.00 per hour is a reasonable hourly rate for Dr. Dhaduk's work in this case.

Dr. Dhaduk's billing records are somewhat lacking. In his order on expert instructions, issued on July 5, 2018, the undersigned provided information about what should be included in an expert invoice. Most notably, the undersigned stated that "[t]he more significant issues regarding invoices are: what is being done and how long the task takes. The expert should list separate tasks separately. A rule of thumb is that every half hour should have a separate task, differentiated from other tasks." Dr. Dhaduk, however, billed entries such as 3 hours on each of the following tasks: "Review of additional medical records"; "Literature search and review of articles"; "review of records and taking notes." Fees App. Ex. 4 at 4-6. Based upon the vagueness of these entries, the work of Dr. Dhaduk, and the fact that Mr. Vianello expended over 7 hours assisting in preparation of the report, the undersigned will credit Dr. Dhaduk with 20 hours work and award $9,000.00 for that work. Petitioner is thus awarded final costs of $11,053.53.

E.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,382.43** (representing $23,328.90 in attorneys' fees and $11,053.53 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Matthew Vianello.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

                                                <u>s/Christian J. Moran</u>
                                                Christian J. Moran
                                                Special Master